JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
First State Insurance Company

**DEFENDANTS**
ACE PROPERTY & CASUALTY INSURANCE COMPANY, ET AL
(See attached list for complete list of Defendants

**(b)** County of Residence of First Listed Plaintiff   Hartford
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Hartford
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Shipman & Goodwin LLP- James P. Ruggeri & Edward B. Parks, III 1875 K Street, N.W., Suite 600 Washington, DC 20006 (202) 469-7750; Mark Ostrowski One Constitution Plaza Hartford, CT 06103 (860) 251-5634

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question  *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant
☒ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2201
Brief description of cause:
Claims for insurance coverage under certain liability insurance policies issued by First State, et al.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                DOCKET NUMBER

DATE 11/04/16
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**Defendants**

ACE Property & Casualty Insurance Company,

American Home Assurance Company,

Columbia Casualty Company,

Continental Insurance Company (successor-in-interest to Harbor Insurance Company),

Federal Insurance Company,

Fireman's Fund Insurance Company,

Granite State Insurance Company,

Insurance Company of the State of Pennsylvania,

Swiss Reinsurance America Company (successor-in-interest to Forum Insurance Company)

Ferguson Enterprises, Inc.

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FIRST STATE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| FERGUSON ENTERPRISES, INC. (successor-in-interest to Familian Corporation), ACE PROPERTY AND CASUALTY INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, COLUMBIA CASUALTY COMPANY, CONTINENTAL INSURANCE COMPANY (successor-in-interest to Harbor Insurance Company), FEDERAL INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, GRANITE STATE INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, SWISS REINSURANCE AMERICA COMPANY (successor-in-interest to Forum Insurance Company), and DOE INSURERS 1 through 10, | )<br>)  CIVIL ACTION NO.<br>)  _____<br>)<br>)  NOVEMBER 4, 2016<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff First State Insurance Company ("First State") for its Complaint for Declaratory Judgment against Defendants ACE Property & Casualty Insurance Company, American Home Assurance Company, Columbia Casualty Company, Continental Insurance Company (successor-in-interest to Harbor Insurance Company), Federal Insurance Company, Fireman's Fund Insurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, Swiss Reinsurance America Company (successor-in-interest to Forum Insurance Company) (collectively, the "Defendant Insurers"), and Ferguson Enterprises, Inc. ("Ferguson"), alleges the following:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, relating to claims for insurance coverage by Ferguson under certain liability insurance policies issued by First State and the Defendant Insurers and/or the Doe Insurers to Familian Corporation and/or its alleged predecessors or successors ("Familian"), including but not limited to Familian Northwest, Inc., for certain bodily injury claims relating to asbestos-containing products allegedly distributed or sold by Familian or its alleged predecessors or successors (the "Underlying Lawsuits").

2. Through a series of corporate transactions, Ferguson asserts that it is the successor by merger to Familian.

3. Hundreds of Underlying Lawsuits have been filed against Ferguson and/or its alleged predecessors as the successors to Familian.

4. Ferguson alleges entitlement to coverage for the Underlying Lawsuits under liability insurance policies issued by First State and the Defendant Insurers to Familian and/or its alleged predecessors or successors (the "Policies"), and has sought coverage from First State and the Defendant Insurers for the Underlying Lawsuits. Additionally, the Doe Insurers may have issued policies to Ferguson that may provide coverage for the Underlying Lawsuits.

5. Since at least 2003, First State and certain of the Defendant Insurers have been participating in the defense and indemnification of Ferguson in connection with the Underlying Lawsuits. However, certain of the participating Defendant Insurers have refused to pay their fair share of past costs in connection with the Underlying Lawsuits. Other Defendant Insurers have refused to participate in the defense and/or indemnification of Ferguson at all.

6. First State seeks a declaration regarding the parties' respective rights and obligations with respect to the Underlying Lawsuits. In addition, to the extent that it has paid or is later required to pay more than its appropriate share of the defense and/or indemnity costs incurred in connection with the Underlying Lawsuits, First State seeks equitable contribution from one or more of the Defendant Insurers and/or the Doe Insurers, and/or to be equitably subrogated to Ferguson's rights to recover from one or more of the Defendant Insurers and/or the Doe Insurers.

7. Actual controversies exist between the parties necessitating declarations regarding the parties' respective rights and obligations for the Underlying Lawsuits.

## THE PARTIES

8. First State is incorporated under the laws of the State of Connecticut with its principal place of business in the State of Connecticut.

9. On information and belief, Ferguson is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the Commonwealth of Virginia. On information and belief, Ferguson is authorized to transact and does transact business in the State of Connecticut.

10. On information and belief, ACE Property & Casualty Insurance Company ("ACE") is a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania. On information and belief, ACE is authorized to transact and does transact business in the State of Connecticut.

11. On information and belief, American Home Assurance Company ("American Home") is a corporation incorporated under the laws of the State of New York with its principal

3

place of business in the State of New York. On information and belief, American Home is authorized to transact and does transact business in the State of Connecticut.

12. On information and belief, Columbia Casualty Company ("Columbia") is a corporation incorporated under the laws of Delaware with its principal place of business in the State of Illinois. On information and belief, Columbia is authorized to transact and does transact business in the State of Connecticut.

13. On information and belief, Continental Insurance Company as successor-in-interest to Harbor Insurance Company ("Harbor") is a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in the State of Illinois. On information and belief, Harbor is authorized to transact and does transact business in the State of Connecticut.

14. On information and belief, Federal Insurance Company ("Federal") is a corporation incorporated under the laws of the State of Indiana with its principal place of business in the State of New Jersey. On information and belief, Federal is authorized to transact and does transact business in the State of Connecticut.

15. On information and belief, Fireman's Fund Insurance Company ("Fireman's Fund") is a corporation incorporated under the laws of the State of California with its principal place of business in the State of California. On information and belief, Fireman's Fund is authorized to transact and does transact business in the State of Connecticut.

16. On information and belief, Granite State Insurance Company ("Granite State") is a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in the State of New York. On information and belief, Granite State is authorized to transact and does transact business in the State of Connecticut.

17. On information and belief, Insurance Company of the State of Pennsylvania ("ICSOP") is a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in the State of New York. On information and belief, Insurance Company of PA is authorized to transact and does transact business in the State of Connecticut.

18. On information and belief, Swiss Reinsurance America Company (successor-in-interest to Forum Insurance Company) ("Swiss Re") is a corporation incorporated under the laws of the State of New York with its principal place of business in the State of New York. On information and belief, Swiss Re is authorized to transact and does transact business in the State of Connecticut.

19. On information and belief, Doe Insurers 1 through 10 include additional insurance companies not specifically named herein which may have coverage obligations for the Underlying Lawsuits under policies issued to Familian. The true names and capacities, whether individual, corporate, or otherwise, of Doe Insurers 1 through 10 are unknown to First State at the present time and these Defendants are therefore sued by such fictitious names. When the true names and capacities of the Doe Insurers have been ascertained, First State will seek to amend this Complaint to include such true names and capacities.

## JURISDICTION AND VENUE

20. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy for each defendant exceeds $75,000, exclusive of interest and costs.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) as, on information and belief, each defendant has transacted and continues to transact business in this District.

## FACTUAL ALLEGATIONS

### THE INSURANCE POLICIES

22.     On information and belief, the applicable limits of all available primary insurance coverage issued to Familian or its alleged predecessors or successors is exhausted for the Underlying Lawsuits.

23.     On information and belief, the Defendant Insurers and/or the Doe Insurers issued umbrella and/or excess liability insurance policies to Familian or its alleged predecessors or successors that Ferguson alleges provide coverage to Ferguson for the Underlying Lawsuits.

24.     On information and belief, ACE issued certain umbrella and/or excess policies to Familian that Ferguson alleges provide coverage to Ferguson for the Underlying Lawsuits, including but not limited to policies covering the policy periods March 5, 1979 to April 1, 1980, April 1, 1980 to April 1, 1981, and April 1, 1984 to December 18, 1984.

25.     On information and belief, American Home issued certain umbrella and/or excess policies to Familian that Ferguson alleges provide coverage to Ferguson for the Underlying Lawsuits, including but not limited to policies covering the policy period March 5, 1974 to March 15, 1977.

26.     On information and belief, Columbia issued certain umbrella and/or excess policies to Familian that Ferguson alleges provide coverage to Ferguson for the Underlying Lawsuits, including but not limited to policies covering the policy period March 15, 1978 to March 15, 1979.

27.     On information and belief, Federal issued certain umbrella and/or excess policies to Familian that Ferguson alleges provide coverage to Ferguson for the Underlying Lawsuits, including but not limited to policies covering the policy period April 1, 1981 to April 1, 1982.

28. On information and belief, Fireman's Fund issued certain umbrella and/or excess policies to Familian that Ferguson alleges provide coverage to Ferguson for the Underlying Lawsuits, including but not limited to policies covering the policy periods April 1, 1982 to April 1, 1983 and April 1, 1983 to April 1, 1984.

29. On information and belief, Swiss Re issued certain umbrella and/or excess policies to Familian that Ferguson alleges provide coverage to Ferguson for the Underlying Lawsuits, including but not limited to policies covering the policy period December 18, 1984 to April 1, 1986.

30. On information and belief, Granite State issued certain umbrella and/or excess policies to Familian that Ferguson alleges provide coverage to Ferguson for the Underlying Lawsuits, including but not limited to policies covering the policy period April 1, 1985 to April 1, 1986.

31. On information and belief, Harbor issued certain umbrella and/or excess policies to Familian that Ferguson alleges provide coverage to Ferguson for the Underlying Lawsuits, including but not limited to policies covering the policy period March 15, 1978 to March 15, 1979.

32. On information and belief, ICSOP issued certain umbrella and/or excess policies to Familian that Ferguson alleges provide coverage to Ferguson for the Underlying Lawsuits, including but not limited to policies covering the policy period March 15, 1977 to March 15, 1978.

33. On information and belief, the Doe Insurers may have issued policies to Familian that may provide coverage for the Underlying Lawsuits. When the true names and capacities of

the Doe Insurers have been ascertained, First State will seek to amend this Complaint to include such true names and capacities.

34. First State issued the following umbrella and/or excess policies to Familian that Ferguson alleges provide coverage to Ferguson for the Underlying Lawsuits: Policy No. 924478 (Policy Period March 23, 1977 to March 15, 1978), Policy No. 909537 (Policy Period March 15, 1978 to March 15, 1979), Policy No. 686792 (Policy Period April 1, 1981 to April 1, 1982), Policy No. 951240 (Policy Period April 1, 1982 to April 1, 1983), Policy No. 953803 (Policy Period April 1, 1983 to April 1, 1984), Policy No. 955231 (Policy Period April 1, 1984 to December 18, 1984), and Policy No. EU 002664 (Policy Period April 1, 1985 to April 1, 1986).

35. The applicable limits of First State's Policy No. 909537 are exhausted.

## FACTUAL BACKGROUND

36. On information and belief, Familian is a pipe and supply distributor for the plumbing and contractor industries that from the 1950s through the 1970s supplied certain products that allegedly contained asbestos.

37. Through a series of corporate transactions, Ferguson asserts that it is the successor by merger to Familian.

38. On information and belief, since at least 1997, Ferguson or its alleged predecessors have been named as a defendant in hundreds of Underlying Lawsuits.

39. On information and belief, the underlying claimants allege, *inter alia*, that Ferguson or its alleged predecessors are liable for bodily injuries allegedly caused by products sold by Familian that allegedly contained asbestos, in particular vent and flue pipe.

40. On information and belief, Ferguson and its predecessors tendered the Underlying Lawsuits to its primary insurers until approximately 2002, when its primary insurers asserted that

they no longer had any coverage obligations to Ferguson or its predecessors for the Underlying Lawsuits under their primary policies because their primary policies had been exhausted.

41. On or about October 11, 2002, Ferguson sought coverage for its defense and indemnity costs from First State. First State agreed to contribute to the defense and settlement of the Underlying Lawsuits, subject to a full reservation of rights, including the right to seek reimbursement or contribution from Ferguson and any other insurer, including the Defendant Insurers and/or the Doe Insurers.

42. Since then, First State has paid and continues to pay a share of Ferguson's defense and indemnity costs incurred in connection with the Underlying Lawsuits under the First State Policies. To date, First State has paid substantial amounts for Ferguson's defense and indemnity in connection with the Underlying Lawsuits.

43. American Home, ICSOP, ACE, and Swiss Re also have participated in the defense and settlement of the Underlying Lawsuits under some or all of their respective policies, but on information and belief have paid less than their respective allocable shares.

44. Until recently, American Home participated in the defense and indemnification of Familian under a cost-share percentage that it negotiated with the participating insurers on the basis that it had provided coverage to Familian under a policy in effect from March 5, 1976 through March 15, 1977. On information and belief, however, this American Home policy was actually in effect from March 5, 1974 through March 15, 1977.

45. To date, First State has not been provided with a full copy of the American Home policy.

46.     As a result, for several years First State paid more than its appropriate share of defense and indemnity costs and the other participating insurers paid less than their appropriate shares.

47.     First State also is currently paying more than its appropriate share of defense and indemnity costs because, on information and belief, Columbia issued an excess insurance policy to Familian but Columbia has refused to participate in the defense and/or indemnification of Ferguson in connection with the Underlying Lawsuits, even though the primary and umbrella policies underlying its policy are exhausted.

### FIRST CLAIM FOR RELIEF
*Declaration of Coverage - Duty To Defend or To Pay Defense Costs*

48.     First State repeats and realleges Paragraphs 1 through 47 as if fully set forth here.

49.     First State seeks a judicial determination as to whether and, if so, to what extent First State and the other Defendant Insurers and/or the Doe Insurers are obligated under their respective policies to defend Ferguson or to reimburse it for defense costs incurred in connection with the Underlying Lawsuits.

### SECOND CLAIM FOR RELIEF
*Declaration of Coverage - Duty To Indemnify or To Pay Indemnity Costs*

50.     First State repeats and realleges Paragraphs 1 through 49 as if fully set forth here.

51.     First State seeks a judicial determination as to whether and, if so, to what extent First State and the other Defendant Insurers and/or the Doe Insurers are obligated under their respective policies to indemnify Ferguson or to reimburse it for indemnity costs incurred in connection with the Underlying Lawsuits.

### THIRD CLAIM FOR RELIEF
*Allocation of Defense Costs*

52.     First State repeats and realleges Paragraphs 1 through 50 as if fully set forth here.

53. If First State and the other Defendant Insurers and/or the Doe Insurers are found to have obligations for defense costs incurred in connection with the Underlying Lawsuits, then First State seeks a judicial declaration of First State's and the other Defendant Insurers' and/or the Doe Insurers' respective allocable shares, if any, of the past and/or future defense costs incurred in the Underlying Lawsuits.

## FOURTH CLAIM FOR RELIEF
*Allocation of Indemnity Costs*

54. First State repeats and realleges Paragraphs 1 through 53 as if fully set forth here.

55. If First State and the other Defendant Insurers and/or the Doe Insurers are found to have obligations for indemnity costs incurred in connection with the Underlying Lawsuits, then First State seeks a judicial declaration of First State's and the other Defendant Insurers' and/or the Doe Insurers' respective allocable shares, if any, of the past and/or future indemnity costs incurred in the Underlying Lawsuits.

## FIFTH CLAIM FOR RELIEF
*Equitable Contribution (or other similar relief)*

56. First State repeats and realleges Paragraphs 1 through 55 as if fully set forth here.

57. If First State is found to have obligations to defend and/or indemnify Ferguson in connection with the Underlying Lawsuits and it has paid, or in the future is required to pay, more than its appropriate share of defense or indemnity costs incurred on account of Underlying Lawsuits, then First State seeks equitable contribution from the other Defendant Insurers and/or the Doe Insurers.

58. Subject to their terms, conditions, limits, and exclusions, the Defendant Insurers' and/or the Doe Insurers' policies potentially provide coverage to Ferguson for their respective

shares of defense costs, settlements, and/or judgments entered in some or all of the Underlying Lawsuits.

59. First State has paid (and in the future may pay) amounts in excess of its appropriate share of defense and indemnity costs incurred in connection with the Underlying Lawsuits.

60. Certain of the Defendant Insurers have refused, and continue to refuse, to pay or reimburse First State.

61. First State is entitled to reimbursement from Defendant Insurers and/or the Doe Insurers for their appropriate share of the above-described defense and indemnity payments as well as Defendant Insurers' and/or the Doe Insurers' potential future obligations pursuant to the applicable principles of contribution.

### SIXTH CLAIM FOR RELIEF
*Equitable Subrogation*

62. First State repeats and realleges Paragraphs 1 through 61 as if fully set forth here.

63. First State has paid (and in the future may pay) amounts in excess of its appropriate share of defense and indemnity costs, if any, incurred in connection with the Underlying Lawsuits. First State made its payments to protect its own interests (and as demanded by Ferguson) and not as a volunteer.

64. The amount First State has paid included costs for which certain of the Defendant Insurers and/or the Doe Insurers were obligated under their respective policies to pay on behalf of Ferguson in connection with the Underlying Lawsuits.

65. Certain of the Defendant Insurers have benefited in that they have refused, and continue to refuse, to contribute to the defense and indemnity costs incurred in connection with the Underlying Lawsuits.

66. First State has been damaged as a result of certain of the Defendant Insurers' refusal to contribute to the defense and indemnity costs incurred in connection with the Underlying Lawsuits in that it has paid amounts that should have been paid by certain of the Defendant Insurers.

67. First State is therefore equitably subrogated to Ferguson's rights against certain of the Defendant Insurers and/or the Doe Insurers to recover the above-described defense and indemnity amounts owed by certain Defendant Insurers and/or Doe Insurers.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff First State Insurance Company prays that the Court enter the following relief:

A. A judicial determination as to whether and, if so, to what extent the parties are obligated under the Policies to defend Ferguson or to reimburse it for defense costs incurred in the Underlying Lawsuits;

B. A judicial determination as to whether and, if so, to what extent the parties are obligated under the Policies to indemnity Ferguson or to reimburse it for indemnification costs incurred in the Underlying Lawsuits;

C. To the extent that First State and the other Defendant Insurers and/or the Doe Insurers are found to have obligations for defense and/or indemnity costs incurred in connection with the Underlying Lawsuits, First State seeks a judicial determination of First State and the other Defendant Insurers' and/or the Doe Insurers' respective allocable shares, if any, of the defense and/or indemnity costs incurred in the Underlying Lawsuits;

D. To the extent First State has paid, or in the future is required to pay, more than its appropriate share of defense or indemnity costs on account of Underlying Lawsuits, First State seeks equitable contribution from the Defendant Insurers and/or the Doe Insurers in an amount equal to those costs allocable to those respective parties;

E. To the extent First State paid, or in the future is required to pay, more than its appropriate share of defense or indemnity costs on account of Underlying Lawsuits, a determination that it is equitably subrogated to Ferguson's rights to recover from the Defendant Insurers and/or the Doe Insurers an amount equal to those costs allocable to those respective parties;

F. Fair, just, and reasonable damages;

G. Any other relief that is equitable, just, and proper.

## JURY DEMAND

First State demands trial by jury of all factual issues and causes of action raised by this Complaint.

Respectfully submitted,

Of counsel:

James P. Ruggeri
Edward B. Parks, II
**SHIPMAN & GOODWIN, LLP**
1133 Connecticut Ave., NW
Washington D.C. 20036
Telephone: (202) 469-7750
jruggeri@goodwin.com
eparks@goodwin.com

/s/ Mark K. Ostrowski
Mark K. Ostrowski (Fed. Bar. No. ct03378)
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, Connecticut 06103
Telephone: (860) 251-5634
Fax: (860) 251-5216
mostrowski@goodwin.com

*Attorneys for First State Insurance Company*

14