UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FIRST STATE INSURANCE COMPANY,<br>　　　　Plaintiff<br><br>VS.<br><br>ACE PROPERTY AND CASUALTY INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, COLUMBIA CASUALTY COMPANY, CONTINENTAL INSURANCE COMPANY (successor-in-interest to Harbor Insurance Company), FEDERAL INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, GRANITE STATE INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, SWISS REINSURANCE AMERICA COMPANY (successor-in-interest to Forum Insurance Company), FERGUSON ENTERPRISES, INC. (successor-in-interest to Familian Corporation) and DOE INSURERS 1 through 10<br>　　　　Defendants | CIVIL ACTION NO.: 2:16-cv-01822<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>DECEMBER 13, 2016 |

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Swiss Re America Corporation as Administrator for 21st Century Premier Insurance Company, successor in interest to Forum Insurance Company ("Swiss Re") answers the Complaint filed by the Plaintiff, First State Insurance Company, in corresponding numbered paragraphs as follows:

### NATURE OF THE ACTION

1.　Admitted.

2.　Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

1

3. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

4. Admitted.

5. First sentence is admitted. Second and third sentences: Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

6. No response is required because Plaintiff merely describes what it seeks in this suit. To the extent a response is required: Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

7. Denied.

## THE PARTIES

8. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

9. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

10. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

11. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

12. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

13. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

14. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

15. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

16. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

17. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

18. Admitted.

19. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

## JURISDICTION AND VENUE

20. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

21. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

## FACTUAL ALLEGATIONS

### THE INSURANCE POLICIES

22. Based on information and belief, admitted.

23. Admitted as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

24. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

25. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

26. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

27. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

28. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

29. Admitted.

30. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

31. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

32. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

33. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

34. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

35. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

## FACTUAL BACKGROUND

36. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

37. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

38. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

39. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

40. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

41. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

42. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

43. Admitted that Swiss Re has participated in the defense and settlement of the Underlying Lawsuits, but denied that Swiss Re has paid less than its allocable share. As to the other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

44. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

45. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

46. Denied as to Swiss Re. As to the other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

47. Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

## FIRST CLAIM FOR RELIEF
### Declaration of Coverage – Duty To Defend or To Pay Defense Costs

48. Swiss Re repeats and incorporates herein its responses to Paragraphs 1 through 47 as if fully set forth herein.

49. No response is required because Plaintiff merely describes what it seeks in this suit. To the extent a response is required: Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

## SECOND CLAIM FOR RELIEF
### Declaration of Coverage – Duty To Indemnify or To Pay Indemnity Costs

50. Swiss Re repeats and incorporates herein its responses to Paragraphs 1 through 49 as if fully set forth herein.

51. No response is required because Plaintiff merely describes what it seeks in this suit. To the extent a response is required: Denied as to Swiss Re; as

to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

### THIRD CLAIM FOR RELIEF
### Allocation of Defense Costs

52. Swiss Re repeats and incorporates herein its responses to Paragraphs 1 through 50 as if fully set forth herein.

53. No response is required because Plaintiff merely describes what it seeks in this suit. To the extent a response is required: Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

### FOURTH CLAIM FOR RELIEF
### Allocation of Indemnity Costs

54. Swiss Re repeats and incorporates herein its responses to Paragraphs 1 through 53 as if fully set forth herein.

55. No response is required because Plaintiff merely describes what it seeks in this suit. To the extent a response is required: Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

### FIFTH CLAIM FOR RELIEF
### Equitable Contribution (or other similar relief)

56. Swiss Re repeats and incorporates herein its responses to Paragraphs 1 through 55 as if fully set forth herein.

57. No response is required because Plaintiff merely describes what it seeks in this suit. To the extent a response is required: Denied as to Swiss Re; as

to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

58. Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

59. Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

60. Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

61. Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

## SIXTH CLAIM FOR RELIEF
### Equitable Subrogation

62. Swiss Re repeats and incorporates herein its responses to Paragraphs 1 through 61 as if fully set forth herein.

63. First sentence: Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.  Second Sentence: Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

8

64. Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

65. Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

66. Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

67. Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

**PRAYER FOR RELIEF**

No response to a Prayer for Relief is required. To the extent that a response is required:

A. Swiss Re denies that such a determination is required as to it; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

B. Swiss Re denies that such a determination is required as to it; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

C. Swiss Re denies that such a determination is required as to it; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

D.  Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

E.  Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

F.  Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

G.  Denied as to Swiss Re; as to other insurers, Swiss Re lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations asserted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the equitable doctrines of laches, waiver, estoppel and/or the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

There is no coverage for the underlying claims under the Swiss Re policy to the extent there was a negligent or intentional failure to disclose and/or a negligent or intentional concealment, misrepresentation or omission in the policy application.

### FOURTH AFFIRMATIVE DEFENSE

There is no coverage for the underlying claims under the Swiss Re policy to the extent that the underlying claims arose out of intentional, willful, wanton, reckless, or grossly negligent conduct, or conduct in violation of public policy or in violation of federal, state, or local law or statute.

### FIFTH AFFIRMATIVE DEFENSE

There is no coverage for the underlying claims under the Swiss Re policy as a matter of public policy to the extent the claims seek coverage for fines, penalties and/or punitive or exemplary damages.

### SIXTH AFFIRMATIVE DEFENSE

There is no coverage for the underlying claims under the Swiss Re policy to the extent there has been a failure to assist or otherwise cooperate with Swiss Re, a failure to provide information/documentation when requested, and/or a failure to otherwise perform all obligations and conditions under the Swiss Re policy.

### SEVENTH AFFIRMATIVE DEFENSE

There is no coverage for the underlying claims under the Swiss Re policy to the extent coverage is sought for claims which fall within applicable policy exclusions.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is subject to dismissal to the extent there is no actual or justiciable controversy involving the Swiss Re policy.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited to the extent Plaintiff, or insureds, have made payments, assumed liabilities or obligations, incurred expenses, or entered into settlements, without the express consent or agreement of Swiss Re.

### TENTH AFFIRMATIVE DEFENSE

There is no coverage and/or limited coverage for the underlying claims under the Swiss Re policy to the extent that insureds knew or should have known, prior to the inception of the Swiss Re policy, of the existence of, or potential for, occurrences, claims or suits for which they now seek coverage.

### ELEVENTH AFFIRMATIVE DEFENSE

There is no coverage and/or limited coverage for the underlying claims under the Swiss Re policy to the extent insureds must assume responsibility or liability for periods of self-insurance, including retentions and/or deductibles.

### TWELFTH AFFIRMATIVE DEFENSE

There is no coverage and/or limited coverage for the underlying claims under the Swiss Re policy to the extent Plaintiff and/or insureds have violated the applicable statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

There is no coverage for the underlying claims under the Swiss Re policy to the extent the alleged bodily injuries did not occur during the policy period of the Swiss Re policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

There is no coverage for the underlying claims under the Swiss Re policy to the extent that, based on proper allocation, the claims are the responsibility of insurers other than Swiss Re.

## FIFTEENTH AFFIRMATIVE DEFENSE

Swiss Re reserves the right to amend this filing to assert any and all applicable affirmative defenses which discovery may reveal to be appropriate.

December 13, 2016

Respectfully submitted,

DEFENDANT, Swiss Re America Corporation as Administrator for 21st Century Premier Insurance Company, successor in interest to Forum Insurance Company

_____
Paul G. Roche, Federal Bar No. CT 27130
LITCHFIELD CAVO LLP
Its Attorneys
82 Hopmeadow Street, Suite 210
Simsbury, CT 06089-9694
Phone: (860) 413-2713
Fax: (860) 413-2801
roche@litchfieldcavo.com

**CERTIFICATION OF SERVICE**

 I hereby certify that on December 13, 2016, a copy of the foregoing Answer and Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____
Paul G. Roche