# FORUM INSURANCE COMPANY

Providence, Rhode Island
Executive Offices
200 N. Martingale Road, Schaumburg, Illinois 60194

## COMMERCIAL

## COMPREHENSIVE

## CATASTROPHE

## LIABILITY

## POLICY



*BMF*

Bayly, Martin & Fay of Los Angeles
3200 Wilshire Boulevard
Los Angeles, California 90010
(213) 736-9600 / TWX 910 321 3707

390-004 (5-84)

# FORUM INSURANCE COMPANY

## THE COMPANY NAMED ON THE DECLARATIONS PAGE

(A stock insurance company herein called the Company)

Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

### INSURING AGREEMENTS

#### I COVERAGE

The Company agrees to pay on behalf of the insured the ultimate net loss in excess of the retained limit hereinafter stated, which the insured may sustain by reason of the liability imposed upon the insured by law, or assumed by the insured under contract:

(a) Personal Injury Liability. For damages, including damages for care and loss of services, because of personal injury, including death at any time resulting therefrom, sustained by any person or persons,

(b) Property Damage Liability. For damages because of physical injury to or destruction of or loss of tangible property caused by an occurrence;

(c) Advertising Liability. For damages because of libel, slander, defamation, infringement of copyright, title or slogan, piracy, unfair competition, idea misappropriation or invasion or rights of privacy arising out of the named insured's advertising activities.

In any jurisdiction where, by reason of law or statute, this policy is invalid as a "pay on behalf of" contract, the Company agrees to indemnify the insured for ultimate net loss in excess of the retained limit

#### II DEFENSE SETTLEMENT

With respect to any occurrence not covered, as warranted, by the underlying policies listed in Item 4 of the Declarations hereof or not covered by any other underlying insurance collectible by the insured, but covered by the terms and conditions of this policy except for the amount of retained limit specified in Item 5 of the declarations, the company shall

(a) defend any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent, but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient,

(b) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish any such bonds;

(c) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon,

(d) reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request.

(e) reimburse the insured for actual loss of earnings, not to exceed $100.00 per day for each insured, subject to an aggregate sum of $10,000 each occurrence for all insureds combined incurred at the company's request.

and the amounts so incurred, except settlements of claims and suits are payable by the company in addition to the applicable limit of liability of this policy In jurisdictions where the company may be prevented by law or otherwise from carrying out this agreement, the company shall pay any expense incurred with its written consent in accordance with this agreement

The insured shall promptly reimburse the company for any amount of ultimate net loss paid on behalf of the insured within the retained limit specified in Item 5 of the declarations except defense settlement costs paid on behalf of the insured within the retained limit.

#### III DEFINITIONS

##### 1. "NAMED INSURED" AND "INSURED"-

"Named insured", wherever used, includes any subsidiary company (including subsidiaries thereof) of the named insured and any other company coming under the named insured's control of which it assumes active management

The unqualified word "insured", wherever used, includes the named insured and also

(a) any person, organization, trustee or estate to whom or to which the named insured is obligated by virtue of a written contract to provide insurance such as is afforded by this policy, but only with respect to operations by or on behalf of the named insured or to facilities of or used by the named insured;

(b) any additional insured, other than the named insured, included in the underlying policies listed in Item 4 of the declarations but only to the extent that insurance is provided to such additional insured thereunder;

(c) except with respect to the ownership, maintenance or use, including loading or unloading, of automobiles while away from premises owned by, rented to or controlled by the named insured or the ways immediately adjoining, or of aircraft, (1) any executive officer, other employee, director or stockholder thereof while acting within the scope of his duties as such, (2) any organization or proprietor with respect to real estate management for the named insured;

(d) with respect to an automobile or aircraft owned by or loaned to the named insured or hired for use on behalf of the named insured, any person using the automobile or aircraft with the named insured's permission, and any person or organization legally responsible for the use thereof;

(e) any executive officer, director or stockholder of the named insured with respect to the use of an automobile or aircraft not owned by the named insured in the business of the named insured.

The insurance with respect to any person or organization other than the named insured does not apply under division (d) and (e) of this definition of "named insured" and "insured"

(1) to any person or organization, or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage or public parking place, with respect to any occurrence arising out of the operation thereof;

(2) with respect to any automobile or aircraft hired by or loaned to the named insured, to the owner or a lessee thereof other than the named insured, or to any agent or employee of such owner or lessee,

(3) to any manufacturer of aircraft, aircraft engines or aviation accessories, or any aviation sales or service or repair organization or airport or hangar operator or their respective employees or agents, with respect to any occurrence arising out of the operation thereof.

##### 2. "PERSONAL INJURY"-

"Personal injury" means (a) bodily injury, sickness, disease, disability, shock, mental anguish and mental injury; (b) false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution or humiliation; (c) libel, slander, defamation of character or invasion of rights of privacy, unless arising out of advertising activities; (d) discrimination not committed by or at the direction of the insured; and (e) assault and battery not committed by or at the direction of the insured, unless committed for the purpose of preventing or eliminating danger in the operation of aircraft or for the purpose of protecting the property of the insured or the person or property of others.

##### 3. "ULTIMATE NET LOSS"-

"Ultimate net loss" means the total of the following sums with respect to each occurrence.

(1) All sums which the insured, or any company as his insurer, or both, is legally obligated to pay as damages, whether by reason of adjudication or settlement, because of personal injury, property damage or advertising liability to which this policy applies, and

(2) All expenses, other than defense settlement provided in Insuring Agreement II, incurred by the insured in the investigation, negotiation, settlement and defense of any claim or suit seeking such damages, excluding only the salaries of the insured's regular employees, provided "ultimate net loss" shall not include any damages or expense because of liability excluded by this policy

This policy shall not apply to defense, investigation, settlement or legal expenses covered by underlying insurance.

##### 4. "PRODUCTS HAZARD"-

"Products hazard" means (a) the handling or use of or the existence of any condition in or a warranty of goods or products manufactured, sold, handled or distributed by the named insured or by others trading under its name, if the occurrence happens after possession of such goods or products has been relinquished to others by the named insured or by others trading under its name and if such occurrence happens away from premises owned by, rented to or controlled by the named insured; provided, such goods or products shall be deemed to include any container thereof, other than a vehicle, but shall not include any vending machine or any property, other than such container rented to or located for use of others but not sold; or (b) operations, if the occurrence happens after such operations have been completed or abandoned and happens away from premises owned by, rented to or controlled by the named insured; provided operations shall not be deemed incomplete because improperly or defect-

390-004 (5-84)

ively performed or because further operations may be required pursuant to an agreement; provided further, the following shall not be deemed to be "operations" within the meaning of this paragraph: (aa) pick-up or delivery except from or onto a structure abutting the marketing premises of such owned property of such property of the insured, (cc) the existence of Case 3:16-cv-01824-WAB ... Document 162-2    Filed 01/08/18    Page 3 of 18 of the insured, (cc)

## 5. "OCCURRENCE";

With respect to Coverage 1(a) and 1 (b) "occurrence" means either an accident or happening or event or a continuous or repeated exposure to conditions which unexpectedly and unintentionally causes injury to persons or tangible property during the policy period. All damages arising out of such exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

With respect to Coverage 1 (c) "occurrence" means all damages involving the same injurious material or act, regardless of the frequency or repetition thereof, the number or kind of media used, and the number of claimants and all such damages shall be understood to arise out of one happening.

## IV POLICY PERIOD, TERRITORY

This policy applies to occurrences happening anywhere during the policy period.

## V RETAINED LIMIT - LIMIT OF LIABILITY

With respect to Coverage 1 (a), 1(b) or 1 (c), or any combination thereof, the company's liability shall be only for the ultimate net loss in excess of the insured's retained limit defined as the greater of:

(a) the total of the applicable limits of the underlying policies listed in Item 4 of the declarations hereof, and the applicable limits of any other underlying insurance collectible by the insured, or

(b) an amount as stated in Item 5 of the declarations as the result of any one occurrence not covered by the said policies or insurance, and then up to an amount not exceeding the amount as stated in Item 6 (A) of the declarations as the result of any one occurrence. There is no limit to the number of occurrences during the policy period for which claims may be made, except that the liability of the company arising out of the products hazard on account of all occurrences during each policy year shall not exceed the aggregate amount stated in Item 6 (B) of the declarations.

In the event of the reduction or exhaustion of the aggregate limits of liability of the underlying policies listed in Item 4 of the declarations by reason of losses paid thereunder, this policy, subject to the above limitations, (1) in the event of reduction, shall pay the excess of the reduced underlying limits, or (2) in the event of exhaustion, shall continue in force as underlying insurance.

## EXCLUSIONS

This policy shall not apply

(a) under Coverage 1 (a), to any obligation for which the insured or any of its insurers may be held liable under any workmen's or unemployment compensation, disability benefits or similar law, provided, however, that this exclusion does not apply to liability of others assumed by the named insured under contract.

(b) under Coverage 1(b), to injury to or destruction of or loss of (1) property owned by the Named Insured, or (2) property owned by the Insured, or (3) any goods, products or containers thereof manufactured, sold, handled or distributed, or work completed by or for the insured, out of which the occurrence arises; or (4) property rented to, occupied or used by or in the care, custody or control of the insured to the extent the insured is under contract to provide insurance therefor.

(c) under Coverage 1 (c), to liability for (1) failure of performance of written contract, (2) infringement of registered trade mark, service mark or trade name by use thereof as the registered trade mark, service mark or trade name of goods or services sold, offered for sale or advertised, but this shall not relate to titles or slogans, (3) incorrect description of any article or commodity, or (4) mistake in advertised price.

(d) under Coverage 1 (b)

1. to damages claimed for the withdrawal, inspection, repair, replacement or loss of use of the insured's products or work completed by or for the insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein.

2. to loss of use of tangible property which has not been physically injured or destroyed resulting from

  (a) a delay in or lack of performance by or on behalf of the insured of any contract or agreement, or

  (b) the failure of the insured's products or work performed by or on behalf of the insured to meet the level of performance, quality, fitness or durability warranted or represented by the insured, but this exclusion does not apply to the extent coverage is available to the insured in the underlying insurance as set out in Item 4 of the declarations of the policy to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the insured's products or work performed by or on behalf of the insured after such products or work have been put to use by any peson or organization other than an insured.

(e) under Coverage 1 (a) or 1 (b) to liability arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

(f) under Coverage 1 (a) or 1 (b) except insofar as coverage is available to the insured in the underlying insurance as set out in Item 4 of the declarations of the policy to liability arising out of the ownership, maintenance, operation, use, loading or unloading of aircraft owned by the insured or leased, rented or chartered on behalf of the insured without crew; but this exclusion shall not apply to liability for personal injury to any employee of the insured arising out of and in the course of his employment by the insured.

## CONDITIONS

**A. Premium Computation.** The premium for this policy shall be based upon the rating basis as set forth in the declarations during the policy period, and shall be computed at the rate set forth in the declarations applied to each unit exposure of such rating basis. The deposit premium is based upon the estimated exposures for the policy period as stated in the declarations.

Upon expiration of this policy or its termination during the policy period, the earned premium shall be computed as thus defined. If the earned premium thus computed is more than the advance premium paid, the named insured shall immediately pay the excess to the company; if less, the company shall return the difference to the named insured, but the company shall receive and retain the annual minimum premium for each twelve (12) months of the policy period.

**B. Inspection and Audit.** The company shall be permitted at all reasonable times to inspect the insured's premises and equipment, and to examine the named insured's books and records, so far as the books and records relate to premium earned or to any occurences happening during policy period.

**C. Severability of Interest.** The term "insured" is used severally and not collectively except with respect to Insuring Agreement V (Retained Limit-Limit of Liability) and Condition I (Other Insurance). The inclusion in this policy of more than one insured shall not operate to increase the Company's total liability for all insureds covered by this policy beyond the limits set forth in Item 6(A) and (B) of the declarations.

**D. Notice of Occurrence.** Upon the happening of an occurrence reasonably likely to involve the company hereunder, written notice shall be given as soon as practicable to the company or any of its authorized agents. Such notice shall contain particulars sufficient to identify the insured and the fullest information obtainable at the time.

The insured shall give like notice of any claim made on account of such occurrence. If legal proceedings have begun, the insured, when requested by the Company shall forward to it each paper thereon, or a copy thereof, received by the insured or the insured's representatives, together with copies of reports of investigations made by the insured with respect to such claim proceedings.

**E. Assistance and Co-operation.** Except as provided in Insuring Agreement II (Defense-Settlement) or in Insuring Agreement V (Retained Limit-Limit of Liability) with respect to the exhaustion of the aggregate limits of underlying policies listed in Item 4 of the declarations or in Condition J (Underlying Insurance) the company shall not be called upon to assume charge of the settlement or defense of any claim made or proceeding instituted against the insured; but the company shall have the right and opportunity to associate with the insured in the defense and control of any claim or proceeding reasonably likely to involve the company. In such event the insured and the company shall cooperate fully.

**F. Appeals.** In the event the insured or the insured's underlying insurer elects not to appeal a judgment in excess of the retained limit, the company may elect to do so at its own expense, and shall be liable for the taxable costs, disbursements and interest incidental thereto, but in no event shall the liability of the company for ultimate net loss exceed the amount set forth in Insuring Agreement V (Retained Limit - Limit of Liability) for any one occurence plus the taxable costs, disbursements and interest incidental to such appeal.

**G. Loss Payable.** Liability of the company with respect to any one occurrence shall not attach unless and until the insured, the company on behalf of the insured, or the insured's underlying insurer, has paid the amount of retained limit. Where the company must indemnify the insured for ultimate net loss in accordance with Insuring Agreements, the insured shall make a definite claim for any loss for which the company may be liable within twelve (12) months after the insured shall have paid an amount of ultimate net loss in excess of the amount borne by the insured or after the insured's liability shall have been made certain by final judgment against the insured after actual trial, or by written agreement of the insured, the claimant, and the company. If any subsequent payments are made by the insured on account of the same occurrence, additional claims shall be made similarly from time to time and shall be payable within thirty (30) days after proof in conformity with this policy

**I. Other Insurance.** If other collectible insurance including other insurance with this company is available to the insured covering a loss also covered hereunder (except insurance purchased to apply in excess of the sum of the retained limit and the limit of liability hereunder) the insurance hereunder shall be in excess of and not contribute with, such other insurance

**J. Underlying Insurance.** if underlying insurance is exhausted by any occurrence, the company shall be obligated to assume charge of the settlement or defense of any claim or proceeding against the insured resulting from the same occurrence, but only where this policy applies immediately in excess of such underlying insurance, without the intervention of excess insurance of another carrier

**K. Subrogation.** The Company shall be subrogated to the extent of any payment hereunder to all the insured's rights of recovery therefor; and the insured shall do everything necessary to secure such rights Any amount so recovered shall be apportioned as follows

Any interest (including the insured's) having paid an amount in excess of the retained limit plus the limit of liability hereunder shall be reimbursed first to the extent of · actual payment. The Company shall be reimbursed next to the extent of its actual payment hereunder. If any balance then remains unpaid, it shall be applied to reimburse The insured or any underlying insurer, as their interests may appear. The expenses of all such recovery proceedings shall be apportioned in the ratio of respective recoveries. If there is no recovery in proceedings conducted solely by the Company, it shall bear the expenses thereof.

**L. Changes.** Notice to or knowledge of any agent or other person shall not effect a waiver or change in any part of this policy nor estop the company from asserting any right under it, nor shall the terms of this policy be waived or changed except by endorsement hereon.

**M. Assignment.** Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon. If, however, the insured shall die or be adjudged bankrupt or insolvent within the policy period, this policy, unless canceled, shall cover the insured's legal representative for the unexpired portion of such period.

**N. Cancellation.** This policy may be canceled by the named insured by surrender thereof to the company or any of its authorized agents, or by mailing to the company written notice stating when thereafter such cancelation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when, not less than thirty (30) days thereafter, such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient notice and the effective date of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing. If the named insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata

Premium adjustment may be made at the time cancelation is effected or as soon as practicable thereafter. The check of the company or its representative, mailed or delivered, shall be sufficient tender of any refund due the named insured

If this policy insures more than one named insured, cancelation may be effected by the first of such named insureds for the account of all insureds; and notice of cancelation by the company to such first named insured shall be notice to all insureds. Payment of any unearned premium to such first named insured shall be for the account of all interests therein

**O. Maintenance of Underlying Insurance.** It is warranted by the insured that the underlying policies listed in Item 4 of the declarations or renewals or replacements thereof not more restricted, shall be maintained in force during the currency of this policy, except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of occurrences happening during the policy period. In the event of failure by the insured so to maintain such policies in force or to meet all conditions and warranties subsequent to loss under such policies, the insurance afforded by this policy shall apply in the same manner it would have applied had such policies been so maintained in force. Notice of exhaustion of underlying insurance shall be given the company within 30 days of such exhaustion.

IN WITNESS WHEREOF, the company has caused this policy to be signed by its president and secretary but this policy shall not be valid unless completed by the attachment hereto of a declarations page and countersigned on the aforesaid declarations page by a duly authorized representative of the company.

GERALD E. DENNIS
*Secretary*

ROLAND C. BAKER
*President*

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

It is agreed that:
I   This policy does not apply:
(a) under Coverage I (a) and I (b), to injury, sickness, disease, death, destruction or loss
1   with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or
2   resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization;
(b) under Coverage I (a) and I (b), to injury, sickness, disease, death, destruction or loss resulting from the hazardous properties of nuclear material, if
1   the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (b) has been discharged or dispersed therefrom;
2   the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or
3   the injury, sickness, disease, death, destruction or loss arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to injury to or destruction of or loss of property at such nuclear facility;

II   As used in this endorsement:
"hazardous properties" include radioactive, toxic or explosive properties;
"nuclear material" means source material, special nuclear material or byproduct material;
"source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;
"spent fuel" means any fuel element or fue  component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;
"waste" means any waste material (1) containing byproduct material other than tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its source material content and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (1) or (2) thereof;
"nuclear facility" means
1   any nuclear reactor,
2   any equipment or device designed or used for (a) separating the isotopes of uranium or plutonium, (b) processing or utilizing spent fuel, or (c) handling, processing or packaging waste,
3   any equipment or device used for processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,
4   any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,
and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;
"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in self-supporting chain reaction or to contain a critical mass of fissionable material.
With respect to injury to or destruction of or loss of property, the word "injury" or "destruction" or "loss" includes all forms of radioactive contamination of property.
All other terms and conditions of this policy remain unchanged

# FORUM INSURANCE COMPANY

Providence, Rhode Island
Executive Offices
200 N. Martingale Road, Schaumburg, Illinois 60194
(A stock insurance company herein called the Company)

DECLARATIONS                    POLICY NO. UB- 100963

Item 1. Name Insured:
Familian Corporation Etal

Producer:
RISE
3600 Wilshire Blvd.
Los Angeles, CA   90010

Item 2. Address
7651 Woodman Avenue
Van Nuys, CA   91402

Item 3. Policy Period    From  12:01 A.M. December 18, 1984
                         to     12:01 A.M. April 1, 1986
                         standard time at the address of the Insured as stated herein.

Item 4. Schedule of Underlying Insurance: See form 390-006 (5-84)

Item 5. Retained Limit:              $ 10,000.00        each occurrence

Item 6. Limit of Liability:
                         (a) $ 5,000,000       each occurrence
                         (b) $ 5,000,000       aggregate

Item 7. Premium:
        (a) Flat Charge              $ 51,400 Due in installments as per Endt. #3
        (b) Deposit Premium:         $                           on

        (c) Minimum Premium:         $
        (e) Adjustable at the rate of:                           on
        (f) Audit Reporting Period: Annual unless otherwise stated.
        Endorsements: 390-022, Endt. # 1,2,3 , 390-014

1-10-85-1d
Countersignature Date                           Authorized Representative

390-005 (5-84)

# FORUM INSURANCE COMPANY

Providence, Rhode Island
Executive Offices
200 N. Martingale Road, Schaumburg, Illinois 60194
(A stock insurance company herein called the Company)

Item 4. of the Declarations shall read as follows:

4.  Schedule of Underlying Insurance:
    The insured agrees to notify the Company should this underlying insurance terminate for any reason.

| Carrier | Policy No. | Policy Period | Coverage | | Limits |
|---|---|---|---|---|---|
| Royal Insurance | PCS 215233 | 12-18-84-85 | A. | Employers' Liability | $100,000  each accident |
| Hartford | 56WBRG6654 | | B. | Comprehensive Auto | Bodily Injury Liability |
| Employers | | | | Liability | $600,000  each person |
| Ins. of Wausau | 2025-02-053981 | 12-18-84-85 | | | $600,000  each occurrence |
| Amer. National Fire | BA6254881 | 12-18-84-85 | | | Property Damage Liability |
| | | | | | $600,000  each occurrence |
| Employers Ins. | 202500053981 | | C. | Comprehensive | Bodily Injury and Property |
| of Wausau | (or renewal of) | | | General Liability | Damage Liability Combined |
| Amer. National Fire | BP6254880 | | | | $500,000  each occurrence |
| | | | | | $500,000  aggregate |
| | | | | | Bodily Injury Liability |
| | | | | | $  each person |
| | | | | | $  each occurrence |
| | | | | | $  aggregate |
| | | | | | Bodily Injury Liability |
| | | | | | $  each occurrence |
| | | | | | $  aggregate |
| | | | | | Property Damage Liability |
| | | | | | $  each occurrence |
| | | | | | $  aggregate |
| | | | | | Personal Injury Liability |
| | | | | | $  each person aggr. |
| | | | | | $  general aggregate |
| National Union | A V980-3812 | 12-18-84-85 | D. | Other Aircraft Liability | $ 5,000,000  each CSL |
| | | | | | $  aggregate |
| National Amer. | SC24976 | | E. | Comp. | $1,000,000 CSL |
| Ins. | | | | General Liability | |

The above coverage includes the following, as indicated:

☐ Products and Completed Operations Liability Coverage   ☐ X.C.U. Liability Coverage
☐ Designated Contractual Liability Coverage              ☐ Blanket Contractual Liability Coverage
☐ Broad Form Property Damage Liability Coverage          ☐
☐                                                        ☐

This endorsement, effective December 18, 1984          12:01 A .M April 1, 1986          , forms a part of

policy number UB 100963          issued to Familian Corporation, Et al

By the Forum Insurance Company

Countersigned at _____          Date  1-10-85-1d  _____

_Authorized Representative_                                      President

390-006 (5-84)

# FORUM INSURANCE COMPANY

## ENDORSEMENT

#3

Additional Premium_____

Return Premium_____

Effective on and after_____December 18,_____ 84__ 12:01 A.M._____Standard Time
                                                                      19____ , _____

this endorsement forms part of policy No._____UB 100963_____Expiration Date____April 1, 1986____

Issued to_____Familian Corporation, Et Al_____

By____FORUM INSURANCE_____Company

It is hereby agreed that Item 7., Premium shall be due in installments
as follows:

| DUE DATE | PREMIUM |
|----------|---------|
| 12/18/84 | $11,400. |
| 4/ 1/85 | $40,000. |

All other terms and conditions of this policy remain unchanged.

_____
AUTHORIZED REPRESENTATIVE

# FORUM INSURANCE COMPANY

## ENDORSEMENT

#2

Additional Premium_____

Return Premium_____

Effective on and after___December 18,_____ 19_84_, __12:01 A.M._____ Standard Time

this endorsement forms part of policy No.____UB 100963_____ Expiration Date_April 1, 1986_____

Issued to_____Familian Corporation Et Al_____

By____FORUM INSURANCE_____Company

## FOLLOWING FORM

In consideration of the premium charged, it is hereby agreed that this policy does not apply to:

(1)Care, Custody or Control
(2)Owned Aircraft

coverage except insofar as coverage is available to the insured under primary policies and no coverage shall be applicable hereunder until the primary limits of liability as provided by:

(1)Employers Insurance of Wausau
   American National Fire Insurance
(2)National Union
have been fully exhausted.

All other terms and conditions of this policy remain unchanged.

AUTHORIZED REPRESENTATIVE

# FORUM INSURANCE COMPANY

## ENDORSEMENT

#1

Additional Premium_____

Return Premium_____

Effective on and after_____December 18,_____19 84 , 12:01 A.M._____Standard Time

this endorsement forms part of policy No._____UB 100963_____Expiration Date____April 1, 1986____

Issued to_____Familian Corporation, Et Al_____

By____FORUM INSURANCE_____Company

It is hereby agreed that the coverage afforded by this policy
shall not apply to the following:

Excess Workers Compensation
Employee Benefit Liability

All other terms and conditions of this policy remain unchanged.

_____
AUTHORIZED REPRESENTATIVE



# FORUM INSURANCE COMPANY

## ENDORSEMENT

Additional Premium_____

Return Premium_____

Effective on and after_____ 19____, _____ Standard Time

this endorsement forms part of policy No._____ Expiration Date_____

Issued to_____

By____ FORUM INSURANCE _____ Company

## E.R.I.S.A. EXCLUSION

In consideration of the premium charged, it is understood and agreed that this policy shall exclude any legal liability due to any negligent act, errors or omissions of the Insured; or any person for whose acts the Insured is legally liable in the administration of the Insured's Employee Benefits Program. This exclusion shall also apply to any other liabilities arising from or based upon the Employee Retirement Income Security Act of 1974, Public Law 93-406, commonly referred to as the Pension Reform Act of 1974.

All other terms and conditions of this policy remain unchanged.

AUTHORIZED REPRESENTATIVE

390-022 (5-84)



# FORUM INSURANCE COMPANY

## ENDORSEMENT

Additional Premium_____

Return Premium_____

Effective on and after_____ 19____, _____Standard Time

this endorsement forms part of policy No._____ Expiration Date_____

Issued to_____

By____FORUM INSURANCE_____Company

## BROAD AS PRIMARY ENDORSEMENT

It is agreed that, in the event the Named Insured suffers a loss which is covered
in the underlying insurance set forth in the Schedule of Underlying Insurance at-
tached to this policy, the excess of which would be payable under this policy,
except for terms and conditions of this policy which are not consistent with the
underlying insurances, then, notwithstanding anything contained in this policy
to the contrary, this policy shall be amended to follow and be subject to the
terms and conditions of such underlying insurances in respect of such paid
loss.

All other terms and conditions of this policy remain unchanged.

AUTHORIZED REPRESENTATIVE

390-014 (5-84)

# NOTICE OF CANCELATION

OF ___Umbrella Liability___

KIND OF POLICY

POLICY

| POLICY NO. | ISSUED THROUGH AGENCY OR OFFICE AT: | IS CANCELED TO TAKE EFFECT AT: (DATE)     (HOUR - STANDARD TIME) | DATE OF NOTICE |
|---|---|---|---|
| UB 100 963 | Schaumburg, IL | April 1, 1986 | 1-3-86 |

THIS NOTICE MAILED TO:

⌐ Familian Corporation Et al.
7651 Woodman Avenue
Van Nuys, CA 91402
∟                                      ⌐

You are hereby notified that in accordance with the terms and conditions of the above mentioned policy your insurance will cease at and from the hour and date mentioned above.

Reason for non-renewal is do to Company's inability to renew reinsurance agreements.

If the premium has been paid, premium adjustment will be made as soon as practicable after cancelation becomes effective.
If the premium has not been paid, a bill for the premium earned to the time of cancelation will be forwarded in due course.

Forum Insurance Company

COMPANY

AUTHORIZED REPRESENTATIVE

GU6937-d     © 1983

---

OF ___Umbrella Liability___

KIND OF POLICY

POLICY

| POLICY NO. | ISSUED THROUGH AGENCY OR OFFICE AT: | IS CANCELED TO TAKE EFFECT AT: (DATE)     (HOUR - STANDARD TIME) | DATE OF NOTICE |
|---|---|---|---|
| UB 100 963 | Schaumburg, IL | April 1, 1986 | 1-3-86 |

THIS NOTICE MAILED TO:

MAIL THIS COPY
TO
COMPANY

⌐ Familian Corporation Et al.
7651 Woodman Avenue
Van Nuys, CA 91402
∟

| | |
|---|---|
| AMOUNT OF POLICY | $ |
| PREMIUM | $ |
| EXPIRATION | |
| RETURN PREMIUM | $ |
| PREMIUM DUE | $ |

You are hereby notified that in accordance with the terms and conditions of the above mentioned policy your insurance will cease at and from the hour and date mentioned above.

Reason for non-renewal is do to Company's inability to renew reinsurance agreements.

If the premium has been paid, premium adjustment will be made as soon as practicable after cancelation becomes effective.
If the premium has not been paid, a bill for the premium earned to the time of cancelation will be forwarded in due course.

Return one copy to the Company
without delay and
**FOR ORDINARY MAIL
CANCELATION NOTICE**

Attach Post Office Department
Receipt Form No. 3817 Here

or

Forum Insurance Company

COMPANY

AUTHORIZED REPRESENTATIVE

## CERTIFICATION

I hereby certify that I personally mailed in the U. S. Post Office

# NOTICE OF CANCELATION

OF __Umbrella Liability__

| | KIND OF POLICY | | POLICY |

| POLICY NO. | ISSUED THROUGH AGENCY OR OFFICE AT: | IS CANCELED TO TAKE EFFECT AT: (DATE) (HOUR - STANDARD TIME) | DATE OF NOTICE |
|---|---|---|---|
| UB 100 963 | Schaumburg, IL | April 1, 1986 | 1-1-86 |

THIS NOTICE MAILED TO:

MAIL THIS COPY TO COMPANY

```
Familian Corporation Et al.
7651 Woodman Avenue
Van Nuys, CA 91402
```

AMOUNT OF POLICY $

PREMIUM $

EXPIRATION

RETURN PREMIUM $

PREMIUM DUE $

You are hereby notified that in accordance with the terms and conditions of the above mentioned policy your insurance will cease at and from the hour and date mentioned above.

Reason for non-renewal is do to Company's inability to renew reinsurance agreements.

If the premium has been paid, premium adjustment will be made as soon as practicable after cancelation becomes effective.
If the premium has not been paid, a bill for the premium earned to the time of cancelation will be forwarded in due course.

Return one copy to the Company without delay and
FOR ORDINARY MAIL CANCELATION NOTICE
Attach Post Office Department Receipt Form No. 3817 Here

or

FOR REGISTERED MAIL CANCELATION NOTICE
Attach both tissue paper Registered Mail Receipt and Registered Letter Receipt Card here.

Not to be used to cancel a policy which contains the cancelation condition of a standard fire policy.

Forum Insurance Company

COMPANY

AUTHORIZED REPRESENTATIVE

## CERTIFICATION

I hereby certify that I personally mailed in the U. S. Post Office at the place and time stamped hereon, a notice of cancelation, an exact carbon copy of which appears above, and at said time received from the U. S. Post Office the receipt hereto attached.

Signed this _____ day of _____ 19___

Signature _____

GU6937-d   © 1963

PERFORATION

REFER TO "COMPANY'S COPY" FOR INSTRUCTIONS ON COMPLETING AND MAILING THIS NOTICE

*Have you this notice of cancelation? AL 1/13/86*



213-850-4152
*Direct Line*

Arpil 16, 1985

Mr. Len Gross
Executive Vice President
Familian Corporation
P.O. Box 9082
Van Nuys, CA 91402

RE:   UMBRELLA LIABILITY INSURANCE

Dear Len,

Attached are two Umbrella Liability policies for Familian Cor-
poration which were effective December 18, 1984 and expired
April 1, 1985.  These policies were issued because of the can-
cellation of your previous umbrella effective December 18, 1984.
The policy with Forum Insurance Company will be amended to reflect
a new installment premium and will remain in force through
April 1, 1986.  The other policy is being replaced and has
already been paid by Familian.

Should you have any questions concerning these items, please
give me a call.  We have also forwarded a premium finance
agreement for your Umbrella Policy which you should review
and advise our office if it is acceptable.

Best regards,

*Tim Thalman*

Tim Thalman
Vice President

Enclosures

APR 10 1985

TT/jb

# FORUM INSURANCE COMPANY

## NON-RENEWAL NOTICE

This notice is to advise you that the insurance coverage provided for the entity listed below by the FORUM INSURANCE COMPANY shall not be renewed.

| INSURED ENTITY | POLICY NUMBER | EXPIRATION DATE |
|---|---|---|
| Familian Corporation Et al. | UB 100 963 | April 1, 1986 |



Bayly, Martin & Fay    Los Angeles

213-850-4152
*Direct Line*

Arpil 16, 1985

$\kappa - \text{pls file}$

Mr. Len Gross
Executive Vice President
Familian Corporation
P.O. Box 9082
Van Nuys, CA 91402

RE:  UMBRELLA LIABILITY INSURANCE

Dear Len,

Attached are two Umbrella Liability policies for Familian Cor-
poration which were effective December 18, 1984 and expired
April 1, 1985.  These policies were issued because of the can-
cellation of your previous umbrella effective December 18, 1984.
The policy with Forum Insurance Company will be amended to reflect
a new installment premium and will remain in force through
April 1, 1986.  The other policy is being replaced and has
already been paid by Familian.

Should you have any questions concerning these items, please
give me a call.  We have also forwarded a premium finance
agreement for your Umbrella Policy which you should review
and advise our office if it is acceptable.

Best regards,

*Tim Thalman*

Tim Thalman
Vice President

$\kappa - \text{pls file}$

Enclosures

APR 19 1985

TT/jb

INSTRUCTIONS

"REFER TO "COMPANY'S COPY" FOR
INSTRUCTIONS ON COMPLETING AND MAILING THIS NOTICE

*Have you seen
this notice of
cancellation?*
*ML 1/13/86*

# NOTICE OF CANCELATION

OF  Umbrella Liability

| POLICY NO. | ISSUED THROUGH AGENCY OR OFFICE AT: | KIND OF POLICY | IS CANCELED TO TAKE EFFECT AT:<br>(DATE)      (HOUR - STANDARD TIME) | DATE OF NOTICE |
|---|---|---|---|---|
| UB 100 963 | Schaumburg, IL | | April 1, 1986 | 1-3-86 |

THIS NOTICE MAILED TO:

    Familian Corporation Et al.
    7651 Woodman Avenue
    Van Nuys, CA 91402

You are hereby notified that in accordance with the terms and conditions of the above mentioned policy your insurance will cease at and from the hour and date mentioned above.

Reason for non-renewal is do to Company's inability to renew reinsurance agreements.

If the premium has been paid, premium adjustment will be made as soon as practicable after cancelation becomes effective.
If the premium has not been paid, a bill for the premium earned to the time of cancelation will be forwarded in due course.

Forum Insurance Company

# FORUM INSURANCE COMPANY

## NON-RENEWAL NOTICE

This notice is to advise you that the insurance coverage provided
for the entity listed below by the FORUM INSURANCE COMPANY shall
not be renewed.

| INSURED ENTITY | POLICY NUMBER | EXPIRATION DATE |
|---|---|---|
| Familian Corporation Et al. | UB 100 963 | April 1, 1986 |