# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

FIRST STATE INSURANCE COMPANY
and NEW ENGLAND REINSURANCE
CORPORATION,
    *Plaintiffs*,

v.

FERGUSON ENTERPRISES, INC., *et al.*,
    *Defendants*.

No. 3:16-cv-1822 (VAB)

# RULING ON MOTION FOR RECONSIDERATION

On October 5, 2018, First State Insurance Company and New England Reinsurance Corporation ("Plaintiffs") moved for reconsideration of the Court's September 28, 2018 Ruling and Order on several motions for summary judgment. First State Insurance Company and New England Reinsurance Corporation's Motion for Reconsideration Pursuant to Local Rule 7(c), dated Oct. 5, 2018 ("Pls.' Mot."), ECF No. 265; *see* Ruling and Order on Motions for Summary Judgment, dated Sept. 28, 2018 ("Ruling & Order"), ECF No. 262. Specifically, Plaintiffs argue that discovery during the pendency of the summary judgment motions yielded new evidence that was unavailable at the time the motions were briefed. *Id.* at 1.

For the reasons that follow, the Court **DENIES** Plaintiffs' motion for reconsideration.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Familiarity with the facts and prior proceedings, summarized in the Court's September 28, 2018 Ruling and Order, is assumed. *See* Ruling & Order at 3–10.

On January 8, 2018, Plaintiffs and Ferguson Enterprises, Inc. ("Ferguson") both filed motions for summary judgment on the number of aggregate limits provided by a policy issued by

Swiss Reinsurance America Corporation ("Swiss Re"), as successor-in-interest to Forum Insurance Company. First State's Motion for Summary Judgment on the Number of Aggregate Limits, dated Jan. 8, 2018 ("First State Mot."), ECF No. 161; Ferguson's Motion for Summary Judgment on the Swiss Re Policy's Limits of Liability, dated Jan. 8, 2018 ("Ferguson Mot. on Swiss Re"), ECF No. 162.

On March 1, 2018, Swiss Re moved for partial summary judgment on the aggregate limits of its policy. Swiss Re's Motion for Partial Summary Judgment, dated Mar. 1, 2018 ("Swiss Re Mot."), ECF No. 179.

On April 30, 2018, American Home Assurance Company ("American Home") moved for partial summary judgment on the number of aggregate limits under the policy it issued to Familian, Ferguson's predecessor-in-interest. American Home's Motion for Partial Summary Judgment (Aggregate Limits), dated Apr. 30, 2018 ("American Home Mot. on Agg. Limits"), ECF No. 192. American Home also moved for partial summary judgment on the statute of limitations, which American Home argued barred Plaintiffs' claims against them. American Home's Motion for Partial Summary Judgment (Statute of Limitations), dated Apr. 30, 2018 ("American Home Mot. on SOL"), ECF No. 191.

On June 4, 2018, Columbia Casualty Company and The Continental Insurance Company (together, "CNA") moved for partial summary judgment, arguing that certain claims are barred by the statute of limitations, and for partial joinder of American Home's motion for partial summary judgment on the statute of limitations, to the extent that it asks the Court to impose a limitations period on First State's claims with respect to past settlements. CNA's Motion for Partial Summary Judgment (Statute of Limitations), dated June 4, 2018 ("CNA Mot.")

On September 5, 2018, this Court held oral argument on the parties' motions for summary judgment. Minute Entry, dated Sept. 5, 2018, ECF No. 254; Transcript of Motion Hearing, filed Sept. 13, 2018 ("Tr."), ECF No. 256.

On September 20, 2018, American Home moved for leave to file a supplemental statement of facts and brief in support of their motion for partial summary judgment on the statute of limitations, based on the deposition testimony of First State corporate representative Renee Trett that it believed was "relevant to the Court's determination" of that motion. American Home Assurance Company's Motion for Leave to File a Supplemental Statement of Facts and Brief in Support of its Motion for Partial Summary Judgment (Statute of Limitations), dated Sept. 20, 2018 ("Mot. to Supp."), ECF No. 260, ¶¶ 2–3.

On September 24, 2018, Plaintiffs opposed the motion to supplement the record. Response in Opposition to Mot. to Supp., dated Sept. 24, 2018 ("Pls.' Opp. to Mot. to Supp."). Plaintiffs "disagree[d] that there is need for additional briefing and statements of facts" but stated that if the Court "believes the transcript may be helpful to the Court's consideration of the pending motion" it had "no objection to providing to the Court the full deposition transcript so the Court may read for itself what First State's designee said . . . ." *Id.*

On September 28, 2018, this Court issued several rulings on the parties' motions for summary judgment.[1]

First, the Court granted Swiss Re's motion, and denied Plaintiffs' and Ferguson's motions, on the number of aggregate limits in Swiss Re's policy, holding that "the Swiss Re insurance policy cover[ed] a single policy period of 15.5 months, from December 18, 1984 to

---

[1] The Court did not rule on American Home's motion for leave to file a supplemental statement of material facts and brief in support of their motion for summary judgment. As the Court ultimately ruled that American Home was entitled to summary judgment, that motion became moot. Accordingly, the Court will deny this motion as moot in a separate order.

3

April 1, 1986, and ha[d] a single aggregate limit of $5 million of coverage." Ruling & Order at 14, 33.

Second, the Court granted American Home's motion and denied Ferguson's motion on the number of aggregate limits in American Home's policy, holding that American Home's ten-day extension from March 5, 1977 to March 15, 1977 extended the third policy period and did not create a fourth policy period with an additional $10 million aggregate liability limit. Ruling & Order at 21, 33.

Third, the Court granted American Home and CNA's motions on the statute of limitations, holding that any of the potential years, in which Plaintiffs may have first brought claims against American Home or CNA, fell outside of both Connecticut's one-year statute of limitations and California's two-year statute of limitations. Ruling & Order at 26, 28, 33.

On October 5, 2018, Plaintiffs moved for reconsideration of the Court's summary judgment rulings. *See* Pls.' Mot. Plaintiffs claim that reconsideration is warranted "on the ground that new evidence is available to show genuine disputes of material fact as to the motions the Court granted." *Id.* at 1. Plaintiffs allege "[b]ecause discovery has proceeded during the pendency of these motions, new evidence is now available to the Court that was not available at the time the motions were briefed." *Id.* (citation omitted). Specifically, Plaintiffs argue that new evidence arose from: (1) depositions of American Home witnesses on August 15, 16, and 21, 2018, for which Plaintiffs only received transcripts on August 27, 29, and 30, 2018, *id.* at 2; and (2) the deposition of First State witness Renee Trett on September 13, 2018, for which Plaintiffs received the transcript on September 20, 2018, *id.* at 3.

Plaintiffs therefore move the Court for reconsideration of all its rulings "based on the availability of new evidence and the need to correct a clear error." *Id.* at 3.

4

On October 5, 2018, Ferguson filed a memorandum in support of Plaintiffs' motion for reconsideration. Ferguson Enterprises, Inc.'s Response in Further Support of First State Insurance Company's and New England Reinsurance Corporation's Motion for Reconsideration, dated Oct. 5, 2018 ("Ferguson Mem."), ECF No. 268.

On October 26, 2018, American Home, CNA, and Swiss Re opposed reconsideration. American Home Assurance Company's Opposition to First State Insurance Company's and New England Reinsurance Corporation's Motion for Reconsideration Pursuant to Local Rule 7(c), dated Oct. 26, 2018 ("American Home Mem."), ECF No. 270; Columbia Casualty Company's and The Continental Insurance Company's Memorandum of Law in Opposition to First State Insurance Company and New England Reinsurance Corporation's Motion for Reconsideration, dated Oct. 26, 2018 ("CNA Mem."), ECF No. 274; Swiss Reinsurance America Corporation's Opposition to Plaintiffs' Motion to Reconsideration, dated Oct. 26, 2018 ("Swiss Re Mem."), ECF No. 275. They argue, *inter alia*, that Plaintiffs' "motion: (1) seeks to re-litigate issues that were already fully presented to and decided by the Court, (2) raises issues not previously argued by First State, (3) cites purported evidence that, even if it were newly available, does not support reconsideration of the Court's Ruling, and (4) does not identify any errors of law that require correcting." American Home Mem. at 1–2; *see also* CNA Mem. at 3–5; Swiss Re Mem. at 3. They assert that the information from the deposition transcripts, if not previously available, was either "incomplete" because the witness deferred to counsel on a given question, or taken out of context in Plaintiffs' motion for reconsideration. American Home Mem. at 9–13, 16–21; *see* CNA Mem. at 4, Swiss Re Mem. at 3.

On October 31, 2018, Plaintiffs and Ferguson filed replies. First State Insurance Company's and New England Reinsurance Corporation's Reply in Support of Reconsideration

Pursuant to Local Rule 7(c), dated Oct. 31, 2018 ("Pls.' Reply"), ECF No. 278; Ferguson Enterprises, Inc.'s Reply in Further Support of First State Insurance Company's and New England Reinsurance Corporation's Motion for Reconsideration, dated Oct. 31, 2018 ("Ferguson Reply"), ECF No. 280.

Plaintiffs argue that Swiss Re, American Home, and CNA all "concede, as they must" that Plaintiffs received the deposition transcripts "only one to two weeks before the Court's hearing[,] and [that] First State's own witness was not deposed until a week after the hearing." Pls.' Reply at 1. Plaintiffs then argue that it was not their burden to supplement the record, but that they had, in fact, "offered to submit the entire transcript" of their witness because they knew that his testimony "created genuine issues of material fact." *Id.* at 2 ("American Home criticizes First State for not seeking to supplement the record with this evidence, but American Home was the party that moved for partial summary judgment and, therefore, it bore the burden. Furthermore, First State offered to submit the entire transcript of its witness . . . .") (citing Pls.' Opp. to Mot. to Supp.).

## II. STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).

"Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)); *accord*

*Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

### III. DISCUSSION

Generally, motions for reconsideration seek to have a court re-examine important evidence already contained in the record, but for some reason not explicitly considered or referenced in the court's decision—in other words, facts that the Court actually overlooked.[2] There is also Second Circuit precedent suggesting that a court may, in its discretion, treat "the availability of new evidence" as a valid basis for reconsideration. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The law of the case doctrine is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment . . . . The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'").[3]

---

[2] *See, e.g.*, *Ramos v. Telgian Corp.*, No. 14-CV-3422 (PKC), 2017 WL 354200 at *2, 4 (E.D.N.Y. Jan. 24, 2017) (granting part of motion for reconsideration because "Defendant correctly points out that Kralick's paystubs did not include pay period where Kralick's 'regular' earnings were less than his stated salary" and "the Court previously overlooked this material fact"); *Allen v. Verizon Wireless*, No. 3:12–CV–00482 (JCH), 2015 WL 4751031 at *4 (D. Conn. Aug. 11, 2015) (granting motion for reconsideration of denial of summary judgment based on "two pieces of evidence that were in the record but not cited" in defendant's brief and that the court "overlooked" that indicated there was no genuine dispute of material fact).

[3] The Second Circuit and many courts have cited the *Virgin Atlantic* standard along with the standard articulated in *Shrader*. *See, e.g.*, *Space Hunter, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (citing *Virgin Atlantic* & *Shrader* together in explaining legal standard for reconsideration); *Moreno-Cuevas v. Huntington Learning Ctr.*, 501 F. App'x. 64, 66–67 (2d Cir. 2012) (same); *Whitnum v. Town of Woodbridge*, No. 3:17-cv-1362 (JCH), 2019 WL 1306082, at *2 (D. Conn. Mar. 22, 2019) (same); *Kuck v. Planet Home Lending, LLC*, 354 F. Supp. 3d 162, 165 (E.D.N.Y. 2018) (same); *C.D.S., Inc. v. Bradley Zetler, CDS, LLC*, 213 F. Supp. 3d 620, 626–27 (S.D.N.Y. 2016) (same).

   A number of courts, however, have rejected the notion that reconsideration is appropriate based on evidence that was not part of the record before them. *See, e.g.*, *Levin v. Gallery 63 Antiques Corp.*, No. 04-CV-1504 (KMK), 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) ("It is clear that 'the sole function of a proper motion for reconsideration is to call to the Court's attention dispositive facts or controlling authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision: in other words, an obvious and glaring mistake.'") (quoting *M.K.B. v. Eggleston*, No. 05 Civ. 10446, 2006 WL 3230162, at *1 (S.D.N.Y. Nov. 7, 2006); citing *Xiao v. Continuum Health Partners, Inc.*, No. 01 Civ. 8556, 2002 WL 31760213, at *3 (S.D.N.Y. Dec. 9, 2002) ("Although a party seeking reconsideration may advert to controlling decisions or factual matters that were

Plaintiffs argue, under *Virgin Atlantic Airways*, that deposition testimony obtained from four witnesses two months before the Court's summary judgment rulings constitutes new evidence that was not available at the time the motions were briefed, and that reconsideration of all of the Court's summary judgment rulings therefore is warranted. *See* Pls.' Mot. at 1.

More specifically, Plaintiffs argue: (1) that the ruling in favor of Swiss Re must be reconsidered because "there is no record evidence to support the Court's finding" of mutual expectations between Plaintiffs and Swiss Re at the time of contracting, *id.* at 3; (2) that the ruling in favor of American Home on the aggregate limits must be reconsidered because of "new evidence," the deposition testimony of American Home's witnesses on August 15–16, 2018, *id.* at 4–5; and (3) that the rulings in favor of American Home and CNA on the statute of limitations must be reconsidered because of "new evidence," the deposition testimony of American Home's witness on August 21, 2018 and Plaintiffs' witness on September 13, 2018, *id.* at 5–12.

The Court disagrees.

First, any allegedly newly available evidence must be relevant to the underlying ruling in order to justify reconsideration of that ruling. Because Plaintiffs cite no newly available evidence relevant to the Court's rulings on the aggregate limits of Swiss Re's policy, reconsideration of that ruling is not warranted. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52

---

before the court on the underlying motion, the party may neither put forth new facts, issues or arguments that were not presented to the court on that motion . . . .")); *Cohen v. Fed. Express Corp.*, Nos. 06 Civ. 482 RJH/THK & 07 Civ. 1288 RJH/THK, 2007 WL 1573918, at *3 (S.D.N.Y. May 24, 2007) ("The law in this Circuit is clear: a party is not permitted to put forth new facts, issues or arguments that were not presented to the court on [the original] motion.") (citations and internal quotation marks omitted).

In one non-precedential summary order, the Second Circuit stated that "we do not consider facts not in the record to be facts that the court 'overlooked.'" *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008). While Local Rule 7(c) articulates the *Shrader* standard, *see* D. Conn. L. Civ. R. 7(c) ("Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order."), courts in this District have also been among those citing the "availability of new evidence" as a basis for reconsideration. *See, e.g.*, *Morneau v. Connecticut*, 605 F. Supp. 2d 372, 377 (D. Conn. 2009) (citing *Virgin Atlantic & Shrader* together in explaining legal standard for reconsideration); *Archibald v. City of Hartford*, 274 F.R.D. 371, 382 (D. Conn. 2011) (same); *Macamaux v. Day Kimball Hosp.*, 702 F. Supp. 2d 25, 27 (D. Conn. 2010).

(2d Cir. 2012) ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'") (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)).

Second, evidence in a party's possession before a court's ruling is not considered "newly available" evidence. *See Kopperl v. Bain*, No. 3:09-cv-1754 (CSH), 2016 WL 310719, at *3 (D. Conn. Jan. 26, 2016) ("[N]ewly discovered evidence must not have been available prior to the entry of the judgment leading to reconsideration. If that were not the case, the movant in a motion for reconsideration would have a proverbial 'second bite at the apple.'") (citations and footnote omitted); *Rodriguez v. British Airways, PLC,* No. 17-CV-03691, 2018 WL 501568 (E.D.N.Y. Jan. 19, 2018) (rejecting reconsideration in part because "what Feuerborn stated, not the transcript of what he stated, is the evidence at issue, and that was obviously available to and discovered by the plaintiff at the time of the deposition—before the Court entered judgment."); *cf. Lauray v. Hannah*, No. 3:14-cv-838 (KAD), 2019 WL 494623, at *1 n.2 (D. Conn. Feb. 8, 2019) (indicating skepticism as to whether new evidence allegedly justifying reconsideration was "newly discovered," and observing that "although the Plaintiff's counsel may have only recently seen the video footage, at oral argument the parties represented that no discovery was conducted during the four and a half years this case was pending.").

Here, the evidence now considered significant, he deposition testimony of American Home witnesses obtained on August 15, 16, and 21, 2018, were in Plaintiffs' possession before the Court's September 5, 2018 hearing. But Plaintiffs did not move for the Court to consider this additional evidence before the hearing, nor did they notify the Court of this additional evidence at the hearing.

Because Plaintiffs failed to timely supplement the record with the evidence from these depositions, they are not entitled to reconsideration based on that evidence. *See Williams v. Murphy,* No. 3:13-cv-01154 (MPS), 2018 WL 3105109 (D. Conn. Jun. 25, 2018) ("[A] motion for reconsideration cannot be employed as a vehicle for . . . introducing new evidence that could have been adduced during the pendency of the underlying motion.") (citing *Palmer v. Sena,* 474 F. Supp. 3d 353, 355 (D. Conn. 2007)). Accordingly, the Court's ruling on the aggregate limits of American Home's policy will not be reconsidered.

Third, while the deposition of Plaintiffs' client-witness, corporate representative Renee Trett, could arguably be considered "newly available," given that it was only obtained after the hearing, and therefore was not part of the record before the Court, Plaintiffs could have deposed their own client before the hearing, if her testimony was critical to the then-pending motions.[4] In fact, Plaintiffs expressly indicated that they did not believe that any additional evidence was necessary.[5]

---

[4] While Plaintiffs' counsel noted during the September 5 hearing that his client was "not being deposed until next week[,]" Tr. at 50:24–25, Plaintiffs did not seek to stay the Court from ruling on the motions until after the deposition. American Home has indicated the deposition was originally scheduled for August 28, 2018, but was then postponed by Plaintiffs' counsel. Nevertheless, even if it was not possible to schedule the Rule 30(b)(6) deposition earlier, Plaintiffs could have obtained the information Ms. Trett allegedly possessed outside the setting of a deposition before the hearing was held (contrary to counsel's contention at the hearing that it could not answer certain factual questions until her deposition was held). *See* Tr. at 50:20–51:1 ("When did my client realize that the policy period was in fact three years, ten days? Why did my client wait until November of 2016 to file suit? We haven't even heard from my client, your Honor. My client is not being deposed until next week. So we don't have answers to those questions."); *see also, e.g.*, *Upjohn Co. v. United States,* 449 U.S. 383, 387 (1981) (describing how attorneys for company conducted numerous interviews of its employee-witnesses outside the deposition setting to investigate their case).

[5] When American Home attempted to supplement the record with evidence from the Trett deposition, Plaintiffs objected, stating that they "disagree[d] that there is need for additional briefing and statements of facts on a motion that already has generated over 300 pages of filing." Pls.' Opp. to Mot. to Supp. at 1. While Plaintiffs indicated they had "no objection to providing the Court the full transcript" if the Court believed it would be helpful, their opposition to American Home's request strongly belies their claim, now made in their reply in support of reconsideration, that they "offered to submit the entire transcript of its witness" because they knew her testimony "created genuine issues of material fact." Pls.' Reply at 2.

Because Plaintiffs had ample opportunity to obtain this evidence but chose not to do so, and also expressly disclaimed the import of this evidence after briefing had closed, the Court's summary judgment rulings on the statutes of limitations will not be reconsidered.[6] *See U.S. Bank Nat'l Ass'n. v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 247 (S.D.N.Y. 2019) ("Triaxx had ample opportunity to bring the purportedly new facts to the Court's attention. . . . In its motion for reconsideration, Triaxx does not explain why the information it now relies upon was not submitted to the Court"); *Brayboy v. City of Bridgeport*, No. 3:11-cv-1042, 2014 WL 3110022, at *1 (D. Conn. Jul. 7, 2014) ("The evidence that has been submitted [in support of reconsideration] could have been, and should have been, submitted with the earlier response."); *see also Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010) ("'[N]ew evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.") (citation omitted).

Plaintiffs' remaining arguments seek merely to litigate again issues of law already decided by the Court, and do not raise any controlling decisions or law that the Court has overlooked. *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust,* 729 F.3d

---

[6] Moreover, even if the Court agreed this evidence was a valid basis for reconsideration, Ms. Trett's testimony does not, in and of itself, create a genuine issue of material fact and require reconsideration of this Court's summary judgment decision on the statutes of limitations issues. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original). Significantly, Ms. Trett's testimony alleging that American Home concealed the length of the policy term from First State—which appears to be an attempt by Plaintiffs to assert new support for their claim of equitable tolling—is based entirely on her review of documents in First State's claim files, not on personal knowledge. *See* American Home Mem. at 17–24. Neither that testimony, nor her testimony as to her alleged discovery of the length of the policy term, or as to the reasonableness of a two-year delay in notifying an excess carrier of a claim, create genuine issues of material fact as to whether Plaintiffs' claims against American Home and CNA were timely filed. *See* American Home Mem. at 25–27; CNA Mem. at 4–5.

99, 108 (2d Cir. 2013) (affirming denial of reconsideration because "[t]he district court properly found that Appellants did not present any new facts or controlling law that the court overlooked that might be reasonably expected to alter the court's decision and order."); *Alpert v. Starwood Hotels & Resorts Worldwide, Inc.,* No. 3:14-cv-01872 (SRU), 2019 WL 2341684, at *3 (D. Conn. Jun. 3, 2019) (denying plaintiffs' motion for reconsideration because "they are merely attempting to relitigate their . . . arguments."); *Sankar v. City of N.Y.*, No. 07-CV-4726 (RJD)(SMG), 2012 WL 2923236, at *2 (E.D.N.Y. Jul. 18, 2012) (denying reconsideration because motion was "in substance and form, is an appeal; to wit, defendants argue that the Court simply came out the wrong way on each of plaintiff's claims . . . . [and] present only repetitive arguments on issues that have already been considered fully by the court.") (citation and internal quotation marks omitted).

Accordingly, the Court's summary judgment rulings will not be reconsidered as a result of these arguments.

## IV. CONCLUSION

For the reasons explained above, the Court **DENIES** Plaintiffs' motion for reconsideration.

**SO ORDERED** at Bridgeport, Connecticut this 18th day of June, 2019.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge